1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  UNITED STATES OF AMERICA | Case No.: 1:08-cr-00383 JLT |
| 12              Plaintiff, | ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| 13        v. | |
| 14  DANIEL SHANE LUTHER, | (Doc. 29) |
| 15              Defendant. | |

16

17         Daniel Luther moves the Court for an order terminating his supervised release early after

18  having completed approximately ten of the order 15 years of supervised release. For the reasons

19  set forth below, the motion is **DENIED**.

20         **I.  Background**

21         In 2008, Daniel Luther took his computer for repair.  (Doc. 11 at 5; Doc. 13 at 3) During

22  the repair process, the technician discovered files indicative of child pornography. *Id*. Police

23  obtained the computer and discovered files containing child pornography. *Id*. Some of the file

24  names referred to sex acts with children 14 years old, 9 years old and 3 years old. *Id*.

25         Mr. Luther was charged with Receipt or Distribution of Material Involving the Sexual

26  Exploitation of Minors under 18 U.S.C. 2252(a)(2), and Possession of Material Involving the

27  Sexual Exploitation of Minors under 18 U.S.C. 2252(a)(4)(B). (Doc. 1) After plea negotiations,

28  Mr. Luther plead guilty to Count 2. (Doc. 16)

1    In his plea agreement, Mr. Luther admitted that the evidence supported enhancements for

2    possession of materials involving prepubescent children under the age of 12, that he possessed

3    more than 150 images of child pornography and that he possessed child pornography that

4    involved "sadistic or masochistic conduct or depictions of violence." (Doc. 16 at 4-5.) His cache

5    of images included, " still and video images of children being sexually abused." (Doc. 31 at 3) He

6    agreed that he would not argue for a sentence that was less than 60 months in custody and agreed

7    that "an additional component of a 'reasonable sentence' will be a term of supervised release of

8    fifteen years (180 months)." (Doc. 16 at 6) He agreed also that he would not appeal his plea,

9    conviction or sentence, on any grounds, including through "any post-conviction proceeding." *Id*.

10   In exchange, the government agreed to recommend a sentence of 60 months incarceration

11   followed by 180 months of supervised release (*Id*. at 7) and to dismiss Count 1, which charged

12   him with receipt or distribution of child pornography under 18 U.S.C. § 2252(a)(2). If he were to

13   be conviction of Count 1, he would have faced a guideline range of 108-135 months in prison

14   (Doc. 18 at 2)

15   Consistent with the agreement of the parties, the Court sentenced him to 60 months in

16   custody and placed him on 180 months of supervised release thereafter. (Doc. 23 at 2-3) Mr.

17   Luther began supervised release on September 9, 2013, after his release from prison.

18   Since that time, he has completed sex offender treatment, engaged in periodic polygraph

19   examinations without incident and been in a relationship with his wife for ten years (Doc. 29-1 at

20   2). He argues that supervised release should be terminated early to "open career doors," which

21   include becoming a long-haul truck driver, to be able to travel, to visit elderly relatives and to

22   have children "without the limitations of supervision." (Doc. 29 at 4)

23   The government opposes the motion for early termination of supervision noting that Mr.

24   Luther benefitted from his negotiated plea agreement in which he was allowed to plead to the less

25   serious charge and received the benefit of a below guideline recommendation from the

26   government. (Doc. 31 at 3) The government asserts, "The defendant's current motion flies in the

27   face of the agreement from which he previously benefitted. As noted above, the defendant was

28   not only allowed to plead to the less punitive of the two charged offenses, he benefitted from an

2

1    agreement for the government's recommendation for a below-Guidelines sentencing

2    recommendation. The tradeoff was a 180-month term of supervised release. The government

3    views supervised release as an integral component of an overall reasonable sentence that clearly

4    serves important purposes under 18 U.S.C. §§ 3553(a) and (e)." *Id.* at 3.

5        **II.  Analysis**

6        The Court acknowledges its discretion to terminate supervision early in this case.  In

7    considering the motion, first, the Court notes that the underlying offense was quite serious and

8    dangerous to the most vulnerable of society. It is particularly disturbing that Mr. Luther had in his

9    possession images of young children—some as young as toddlers—being subject to sexual molest

10   and sexual violence. Based upon this conduct, though concluding that Mr. Luther should be

11   incarcerated for less than the low-end of the applicable guideline range, the Court concluded that

12   180 months of supervised release was necessary to protect the public once he was released.

13       Second, Mr. Luther argues that termination of supervision will allow him to become a

14   long-haul truck driver. However, the probation officer has explained that he has not prevented

15   Mr. Luther form achieving this goal. Instead, he had told him only that he would need to provide

16   Probation information about how long he would be out of the district and where he was going in

17   advance of leaving. The probation officer indicated that he suggested Mr. Luther may want to

18   consider starting with local trucking jobs before expanding to long-haul jobs, but the probation

19   officer has not prohibited long-haul work.

20       In addition, Mr. Luther's wife asserts that he has been prohibited from having a child

21   while on supervision. Once again, the probation officer denies this—though the officer cannot

22   speak to whether a prior probation officer made any comments on this topic. To be clear, the

23   terms of his supervision do not preclude Mr. Luther from having a child. However, though he and

24   his wife seem confident that he no longer poses a risk to children, he has not been around children

25   in an unsupervised setting, and there is no indication that his therapy prepared him for that.

26       Finally, the Court appreciates that Mr. Luther has made significant strides in reentering

27   society and establishing positive family support. Though his compliance is notable, it is the

28   minimum that the Court expected when sentencing him to a less-than-guideline term of prison but

3

1  also imposed the lengthy period of supervision.

2  Even still, it is concerning that a primary reason that Mr. Luther wants termination of

3  supervision is so that the probation officer will not be able to monitor him and, by extension, the

4  safety of his child. It gives the Court no pleasure to point this out, but given the facts giving rise

5  to his conviction, the Court does not find that Mr. Luther has demonstrated that the Court can

6  safely terminate supervision at this time. Even if he was uninterested in having a baby, the Court

7  will still find he has failed to demonstrate that supervision may be terminated early.

8  For these reasons, and after considering the §3583(e)(1) factors, the motion for early

9  termination of supervised release is **DENIED**.

10

11  IT IS SO ORDERED.

12  Dated:  __**October 9, 2025**__               _Jennifer L. Thurston_
                                                UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28